**Gerald Sergio KAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–98–00982–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 20, 1999.

Raymond E. Fuchs, San Antonio, for Appellant.

Alan E. Battaglia, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

In this appeal, Gerald Sergio Kaylor challenges the revocation of his probation for the offense of felony driving while intoxicated (DWI). Kaylor contends that the trial court abused its discretion by revoking his probation. Specifically, Kaylor complains that the evidence presented at his revocation hearing was insufficient to prove that he violated the conditions of his probation by consuming alcoholic beverages. We find that the trial court did not abuse its discretion and affirm.

Kaylor pled guilty to the charge for felony DWI and the trial judge sentenced Kaylor to four years confinement and a $1,000 fine. Subsequently, the trial judge probated Kaylor's sentence for five years. As an original condition of probation, Kaylor was prohibited from consuming alcoholic beverages. Later, the conditions of Kaylor's probation were amended to require him to have an interlock ignition device installed in his vehicle. This device uses a semi-conductor sensor to detect the presence of alcohol in a driver's breath. Prior to starting his car, the driver must blow into a device that looks somewhat like a cellular telephone. If the sensor registers a .025 or higher reading, the car will not start. The measurements on the device correspond to the readings on an intoxilyzer breath machine that is commonly used to determine alcohol concentration; i.e., .10 on the ignition interlock device equates to .10 on an intoxilyzer breath machine.

A year after Kaylor began using the interlock device, the State filed a motion to revoke Kaylor's probation. Therein, the State alleged that Kaylor violated his probation by consuming alcoholic beverages on July 23, 1998 and August 5, 1998. Kaylor pled "not true" to the allegations and a hearing was conducted on the State's motion. During the hearing, the trial judge heard testimony from Kaylor's probation officer who established that Kaylor was aware of the conditions of his probation, and from a systems administrator at the company that installed and operated the interlock ignition device on Kaylor's vehicle. At the conclusion of the hearing, the trial judge revoked Kaylor's probation and sentenced him to his underlying sentence of four years in prison.

In a probation revocation hearing, the State must prove by a preponderance of the evidence that the probationer violated a condition of his probation. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim. App.1993). The State has met this burden when the greater weight of the evidence creates a reasonable belief that the defendant violated a condition of probation as alleged. *Battle v. State*, 571 S.W.2d 20, 22 (Tex.Crim.App.1978). In reviewing the revocation of an appellant's probation, the court of appeals uses an abuse of discretion standard. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App.1983). The reviewing court must review the evidence in the light most favorable to the trial court's order. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App.1979).

Viewing the evidence in the light most favorable to the trial court's order, the evidence showed that Kaylor understood that he was prohibited from consuming alcoholic beverages as a condition of

his probation. The evidence further showed that the interlock ignition device assigned to Kaylor indicated the following readings on July 23, 1998: 6:24 p.m./.035, 6:25 p.m./.029; 6:26 p.m./.027; 6:57 p.m./.025; 7.24 p.m./.024. On August 5, 1998, Kaylor's ignition interlock device indicated readings as follows: 7:51 p.m./.041; 7:52 p.m./.041; 7:53 p.m./.031.

The evidence also showed that although a few substances other than alcoholic beverages can cause a false reading, the installer of the devices could distinguish readings caused by the substances from readings caused by alcoholic beverages. For example, food gases resulting from the consumption of spicy food might cause a false reading. Readings resulting from food gases, however, vary greatly within a short period of time as the gases within the body alter, but readings resulting from alcoholic beverages do not vary within a short period of time. Likewise, a false reading may result from the alcohol in mouthwash. The alcohol in mouthwash, however, quickly dissipates, resulting in readings that decrease over a very short period of time. In contrast, readings resulting from alcohol in alcoholic beverages remain very consistent. Additionally, the evidence showed that the installer of the interlock ignition device counseled users about substances that could cause false readings and provided a 24-hour paging service to assist users in resolving difficulties encountered because of false readings.

Kaylor contends that this evidence was insufficient because there is no evidence that he was the person with alcohol on his breath, or that he blew into the interlock ignition device on either July 23, 1998 or August 5, 1998. Although no one testified at the hearing that they observed Kaylor consume alcoholic beverages, the evidence outlined above was not controverted. In the absence of any other explanation, the trial judge could reasonably believe that the high readings recorded from Kaylor's ignition interlock device resulted after Kaylor consumed alcoholic beverages and then repeatedly blew into the device in an effort to start his car. Based on this reasonable belief, the trial judge could conclude by the preponderance of the evidence that Kaylor violated the conditions of his probation by consuming alcoholic beverages. As a result, the trial judge did not abuse his discretion. We overrule Kaylor's issue and affirm the judgment of the trial court.