No. 04-99-00119-CR



Frank RIVERA,


Appellant



v.



The STATE of Texas,


Appellee



From the 216th Judicial District, Kendall County, Texas


Trial Court No. 3307


The Honorable Stephen B. Ables, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: may 10, 2000


AFFIRMED


Nature of the Case

 On April 5, 1995, Frank A. Rivera pled guilty to a burglary of a habitation charge. Pursuant
to a plea bargain, the trial court sentenced Rivera to ten years imprisonment, probated for ten years,
plus a five-hundred dollar fine. However, on January 7, 1999, finding that Rivera failed to abide by
the terms and conditions of his probation, the trial court revoked Rivera's probation and sentenced
him to six years imprisonment in the Texas Department of Criminal Justice, Institutional Division,
and imposed a five-hundred dollar fine. It is from this decision that Rivera appeals.

 Rivera challenges the trial court's revocation of his probation in three issues. First, Rivera
claims the trial court erred by failing to issue written findings of fact. In his second issue, he claims 
the evidence was insufficient to support the trial judge's revocation. Finally, Rivera maintains that
the trial judge abused his discretion by admitting inadmissible hearsay under the business records
exception. We disagree with his assertions and affirm the trial court's judgment.

Findings of Fact

 In his first issue, Rivera asserts the trial court erred in failing to enter findings of fact with
respect to the revocation. When the trial court revokes a defendant's probation, specific written
findings of fact should be entered when the defendant requests they be made. See Whisenant v. State,
557 S.W.2d 102, 105 (Tex. Crim. App. 1977); Joseph v. State, 3 S.W.3d 627, 639 (Tex App.­
Houston [14th Dist.] 1999, no pet. h.). The entering of findings grants a probationer the opportunity
to show a trial judge abused his discretion in revoking his or her probation if the proof is insufficient
to revoke on the grounds specified in the findings. See Ford v. State, 488 S.W.2d 793, 795 (Tex.
Crim. App. 1972). A trial court's failure to comply with the defendant's request may require reversal,
particularly where the court's failure to enter the findings hinders appellate review of the trial court's
decision. See id. 

 In his judgment revoking probation, the trial judge found that Rivera violated the terms and
conditions of his probation as set forth in the State's Motion to Revoke Probation. The trial judge
then incorporated by reference and attached to the judgment as an exhibit the State's list which
detailed Rivera's noncompliance with the scheduled probation obligations. That list enumerates eight
types of probation violations, including failure to report to the probation officer, failure to pay
probation fees, court costs, and a fine, failure to attend the aftercare program at Cornerstone
Counseling, and failure to file a financial statement. 

 Although this list was not generated by the trial judge, we find it is sufficient to comply with
Rivera's request for findings of fact. The list adequately informs Rivera of the trial court's grounds
upon which it found he violated the terms and conditions of his probation. See Ford, 488 S.W.2d
at 795. It also allowed Rivera an opportunity to adequately challenge the court's findings as he does
in this appeal. We therefore overrule his first issue. 

Sufficiency of the Evidence

 In his second issue, Rivera maintains that the evidence against him was insufficient to
support the trial court's revocation of his probation. The State shoulders the burden of proof in a
probation revocation hearing. See Battle v. State, 571 S.W.2d 20, 21-22 (Tex. Crim. App. 1978);
Kaylor v. State, 9 S.W.3d 205, 206 (Tex. App.­San Antonio 1999, no pet. h.). To satisfy this burden,
the State must prove by a preponderance of the evidence that more probably than not, the defendant
violated a condition of his probation as alleged in the motion to revoke. See id. 

 When a defendant attacks the sufficiency of the evidence supporting the revocation, we
review the order revoking probation under an abuse of discretion standard. See Jackson v. State, 645
S.W.2d 303, 305 (Tex. Crim. App. 1983); Duke v. State, 2 S.W.3d 512, 515 (Tex. App.­San Antonio
1999, no pet. h.). In conducting our review, we consider all of the evidence in the light most
favorable to the trial court's finding to determine whether any rational trier of fact could have found
that appellant violated the terms of his probation by a preponderance of the evidence. See Jones v.
State, 589 S.W.2d 419, 421 (Tex. Crim. App. [Panel Op.] 1979); Duke, 2 S.W.3d at 514. If we find
the evidence was sufficient to support a finding of a single violation of probation, then that finding
is sufficient to support a revocation. See Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App.
1980). The appellant must therefore successfully challenge all the findings that support the
revocation in order to prevail. See Jones, 571 S.W.2d at 193-94.

 Rivera challenges the sufficiency of the evidence supporting the following alleged violations:
his failure to report to his probation officer during the month of September; his failure to pay fees,
fines, and court costs; and his failure to attend and comply with the Cornerstone aftercare program.
Rivera's probation officer's testimony supports each of the State's allegations. Specifically, Penni
Garcia testified that Rivera failed to report to her office in September of 1998, failed to pay probation
fees, court costs, and attorney's fees, failed to file financial statements, and failed to attend and
comply with the Cornerstone aftercare program. Viewing Ms. Garcia's testimony in a light favorable
to the trial judge's findings, we cannot find he abused his discretion in revoking Rivera's probation.
Accordingly, we overrule Rivera's second issue.

The Business Records Exception and Hearsay within Hearsay

 In his final issue, Rivera challenges the admission of the Community Supervision and
Corrections Department Chronological Recordings to prove his failure to attend the aftercare
program conducted at Cornerstone. Specifically, he claims that although the recordings fall under
the business records exception to the general hearsay exclusion, there are statements within the
recordings that are inadmissible hearsay. Rivera contends that the recordings and the hearsay
statements therein are hearsay within hearsay and that the State did not establish how each part of
the combined statements conforms with an exception to the hearsay rule. He therefore contends the
trial court erred in admitting the recordings. See Tex. R. Evid 805.

 Texas Rule of Evidence 803(6) allows into evidence records kept in the course of a regularly
conducted business activity, in spite of the general hearsay exclusion. Tex. R. Evid. 803(6). To be
properly admitted under the business records exception, the proponent must prove the document was
made at or near the time of the events recorded, by or from information transmitted by a person with
knowledge of the events, and made and kept in the course of a regularly conducted business activity.
Id. The proper predicate for the introduction of a business record may be established through the
testimony of a records custodian or other qualified witness, or by an affidavit that complies with the
Rules of Evidence. See id.; Tex. R. Evid. 902(10). Rule 803(6) does not require the predicate witness
to be the record's creator or to have personal knowledge of the contents of the record. See Tex. R.
Evid. 803(6); Butler v. State, 872 S.W.2d 227, 238 (Tex. Crim. App. 1994); Kan v. State, 4 S.W.3d
38, 45 (Tex. App.­San Antonio 1999, no pet. h.).

 In this case, the State introduced into evidence chronological recordings, which list any
correspondence the probation officer had with Rivera and with employees at Cornerstone
Counseling. Penni Garcia, Rivera's probation officer, testified that she was the custodian of the
records, that the notations in the record were made at or near the time of the events giving rise to the
notation, and that the records were kept in the regular course of business at the probation department.
Therefore, we cannot find the trial judge abused his discretion in admitting the chronological
recordings. 

 However, there are notations in the recording that are also hearsay. For example, one entry 
states: "Rec'd call from Cornerstone Counseling, Marie, she stated that [defendant] never showed
up for counseling..." Although the source of the information is named, there is neither an indication
that Marie had personal knowledge of Rivera's failure to appear for counseling, nor is there an
"indicia of reliability" that attached to that statement. See Porter v. State, 578 S.W.2d 742, 746-47
(Tex. Crim. App. 1979) (en banc). In addition, the State did not offer any hearsay exception that this
particular statement would fall into and we can find none. It was therefore erroneous for the trial
judge to admit the chronological recordings without striking certain statements contained within
them. 

 Although the trial judge erred with respect to admitting portions of the chronological
recordings, we find the error was harmless. See Tex. R. App. P. 44.2(b). There was other properly-admitted evidence to support the trial judge's revocation of Rivera's probation, particularly Rivera's
failure to report to his probation officer, to pay certain fees and costs, and his failure to provide the
State with a financial statement. Accordingly, we overrule Rivera's final issue and affirm the lower
court's judgment.

 Karen Angelini, Justice

DO NOT PUBLISH