MEMORANDUM OPINION



No. 04-03-00438-CR



Troy Edward THAMES,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 1998-CR-1247


Honorable Sharon MacRae, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: December 22, 2004


AFFIRMED

 Troy Edward Thames appeals the sentence imposed following the revocation of his probation.
Thames raises two issues for review: (1) the trial court erred by revoking the appellant's probation
because nonpayment of fees/fines was an improper basis for revocation, and (2) the trial court erred
by sentencing appellant to eight years confinement because the length of time is excessive and
constitutes cruel and unusual punishment. We overrule both issues and affirm the judgment of the
trial court.

FACTUAL AND PROCEDURAL BACKGROUND

 Troy Edward Thames violated terms and conditions of his probation. In response, the State
moved to revoke Thames' probation. In its motion, the State alleged that Thames (1) failed to report
to the supervision officer during the period of January 2002 through March 2003; (2) departed the
county without the permission of the court and/or supervision officer; and (3) failed to fully pay
fines/fees. Thames pled true to all three allegations. The trial court granted the State's motion and
assessed Thames' punishment at eight years confinement in the Texas Department of Criminal Justice.
Thames appeals from this sentence.

ARGUMENTS ON APPEAL

 We review a trial court's order revoking probation for an abuse of discretion. Cardona v.
State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). In a probation revocation hearing, the State
must prove by a preponderance of the evidence that the probationer violated a term or condition of
his probation. Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993); Kaylor v. State, 9
S.W.3d 205, 206 (Tex. App.--San Antonio 1999, no pet.). The trial court is the sole trier of the
facts, the credibility of the witnesses, and the weight of the testimony. Naquin v. State, 607 S.W.2d
583, 586 (Tex. Crim. App. 1980). We must examine the evidence in the light most favorable to the
trial court's order. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). 

A. Nonpayment of Fines/Fees

 In his first issue, Thames contends that the trial court erred by revoking probation because
nonpayment of fees/fines was an improper basis for revocation. Thames' argument is without merit.
In order to support revocation of probation, the State need only prove Thames violated a single term
or condition of probation. O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App.1981). Here, the
State alleged that Thames violated three separate terms and conditions of his probation: failure to
report to his supervision officer for a consecutive period of sixteen months, leaving the county
without permission, and nonpayment of fines/fees. Thames pled true to all three violations. An
appellant's plea of true, standing alone, is sufficient to support the revocation of probation. Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Brooks v. State, 995 S.W.2d 762, 763 (Tex.
App.--San Antonio 1999, no pet.). Therefore, the record does not support Thames' contention that
the court revoked his probation merely because of his nonpayment of fees, and the trial court did not
abuse its discretion in revoking Thames' probation on any of the three grounds to which he pled true.

B. Cruel and Unusual Punishment 

 In his second issue, Thames contends that the sentence imposed by the trial court is
disproportionate to the offense committed and is a violation of his rights under the Eighth
Amendment of the United States Constitution and article I, section 13 of the Texas Constitution. See
U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. As a prerequisite to presenting a complaint for
appellate review, however, the record must show that the complaint was made to the trial court by
timely request, objection, or motion stating the grounds for the ruling the complaining party desired
with sufficient specificity to make the trial court aware of the complaint. See TEX. R. APP. P.
33.1(a); see also Solis v. State, 945 S.W.2d 300, 301 (Tex. App.--Houston [1st Dist.] 1997, pet.
ref'd) ("The purpose for the rule is to allow opposing counsel to remove the objection or the trial
court to cure any harm"). Moreover, without proper preservation, even constitutional error may be
waived. See Stewart v. LaGrand, 526 U.S. 115, 119 (1999); see also Curry v. State, 910 S.W.2d
490, 497 (Tex. Crim. App. 1995) (holding that the constitutional right to be free from cruel and
unusual punishment may be waived). Here, the record does not indicate that Thames presented this
specific complaint to the trial court. Accordingly, we hold that Thames has waived his complaint,
and overrule this issue on appeal. 

CONCLUSION

 Having overruled all issues, we affirm the judgment of the trial court. 


 Karen Angelini, Justice


DO NOT PUBLISH