## BOYD SHANNON V. THE STATE.

No. 16496.   Delivered March 21, 1934.
Rehearing Denied May 9, 1934.

The opinion states the case.

*John Morrison, W. E. Myres,* and *Levi Pressly,* all of Fort Worth, for appellant.

*Jesse M. Martin,* Crim. Dist. Atty., *Cecil C. Rotsch,* Asst. Crim. Dist. Atty., both of Ft. Worth and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is carrying a pistol; the punishment, confinement in jail for thirty days.

The transaction out of which the prosecution grew occurred on July 16, 1932. Prior to that time D. R. Weaver had operated a drugstore at 4089 Lancaster Avenue, Fort Worth, Texas. The

store was no longer in operation but there was some merchandise still in the building, and the doors were kept locked after the business ceased to be operated. In the afternoon of the day mentioned, Mr. Pervin, who worked in a store next to the drugstore, observed a car drive up with three men in it and park between the store in whch he worked and the drugstore. The men in the car went around the drugstore. Five or ten minutes later Mr. Pervin telephoned D. R. Weaver. Coming to the store, Mr. Weaver observed three men at the store. Going to the telephone in the store next door, he telephoned for the police. When he came out after telephoning, the three men were in his store. Officers soon arrived on the scene. They found the side door to the store unlocked but closed. They pushed it open and found inside appellant and two other men. Appellant had a loaded pistol in his hand when the officers entered. He did not try to use it but surrendered it to the officers. Grant and Fornier were the officers who first entered the store and arrested the three men found therein. Mr. Fornier testified that appellant said: "Here, take it. I don't want to have any trouble," and handed the gun to the officer. Appellant further said: "What in the hell is going on here," and told the officers that he (appellant) was going to town and those boys (referring to the two men who were in the store with him) hollered to him to stop.

Appellant did not testify. A police officer of the city of Fort Worth testified for appellant that he owed appellant for money borrowed and gasoline purchased from him, and had left a pistol with him for security; that on the morning of the day appellant was arrested he saw appellant at a filling station and told him he was ready to pay him, and get his pistol back, and that appellant told him he did not have it then but would get it and have it at the filling station for him that night; that he went there that night to get the pistol and heard the next day of appellant's arrest the evening before. Appellant's witness M. T. Howard testified that some time before appellant's arrest he had gotten a pistol from appellant, who said he could have it for what there was against it, but that if the owner came for it he would have to bring it back; that some time in the afternoon of the day of appellant's arrest appellant came to the witness' place of business, which was a mile from Arlington, and said he wanted to redeem the pistol, and witness delivered it to appellant, who left in a car going in the direction of Fort Worth.

In bill of exception No. 1 appellant complains because the court excluded proof of a statement made by him to officer Harmon at the place of arrest. If permitted, Harmon would have

testified that appellant said to witness: "I had been to Arlington and came back by there and the boys waved at me and I came in here." The proposed testimony was excluded on the ground that appellant had not shown it to be a part of the res gestae. The learned trial judge seems to have recognzed the rule. In excluding the evidence he stated that if the witness went there with the other officers it would be res gestae and he would admit it. He advised counsel that if they would place officers Fornier and Grant on the stand and show when officer Harmon arrived he would determine whether the testimony should be admitted. Appellant's counsel failed to avail himself of the privilege extended by the court. In any event, we deem it unnecessary to determine whether the statement should have been admitted as res gestae. Under the facts reflected by the record, the opinion is expressed that the rejection of the testimony constitutes harmless error. We find nothing in the testimony sought to be introduced raising an affirmative defense to the carrying of the pistol under the circumstances reflected by this record. Moreover, such testimony, when considered in connection with the other facts detailed by appellant's witnesses, would not have raised an affirmative defense. Conceding that appellant had the right to go to Arlington and secure the pistol and return it to his garage for the purpose of delivering it to the police officer, it is observed that the proof on the part of the State was uncontroverted that appellant was engaging in an unlawful enterprise with the two men arrested with him in the drugstore. Appellant had entered a closed building with these two men in which there was a stock of merchandise belonging to Mr. Weaver. None of the parties had any right in the building. The circumstances justified the conclusion that they entered the building for an unlawful purpose. Although appellant may have been on his way to deliver the pistol to the owner, yet if he digressed from his course at the invitation of his companions and entered the store for an unlawful purpose, he could not claim exemption for carrying a pistol while in the store. The same principle applies here as in the case of a traveler. See Stilly v. State, 27 Texas App., 445, 11 S. W., 458, and many other cases found collated in Branch's Annotated Texas Penal Code, sec. 977. It being uncontroverted that appellant and his two companions were in a building not belonging to them, and that appellant held in his hand at the time a loaded pistol, the fact that appellant might have secured the pistol for the purpose of delivering it to the owner would present no defense to his carrying a pistol while digressing from his course in the manner already shown. The

only statement embraced in the rejected testimony which was not already before the jury was the information that appellant had been to Arlington. In view of the fact that the record fails to raise an affirmative defense, and that the rejected statement neither alone nor in connection with the other evidence introduced by appellant, would, under the circumstances reflected by the record, have presented an affirmative defense, we conclude that the bill of exception fails to reflect reversible error.

We find in the record an exception to the court's charge. That part of the charge excepted to related to an instruction touching the right of appellant to secure the pistol and return it to the owner. In view of the fact that the record fails to present an affirmative defense, and that the charge was more favorable to appellant than he was entitled to, if the form in which it was given was erroneous, it would not constitute reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that his statement to officer Harmon was res gestae. To be such, that fact must appear from the record. We re-state the facts: Goods, wares and merchandise were kept in Weaver's store building, which was usually locked. Next door was Piggly Wiggly where Pervin worked. He first saw a car drive up to Weaver's store, three men get out and go around said store. He called Weaver at his home in some five or ten minutes: Weaver came down, saw three men in his store, went to Piggly Wiggly and called the city hall situated some two miles distant. Grant and Fornier answered the call, and drove from the city hall to Weaver's store. They found three men inside Weaver's store. One of them was appellant. These facts seem to establish fully a complete refutation of appellant's claim that he was at said store for such few moments as that he might stll claim to be lawfully on a journey from near Arlington back to Fort Worth on a lawful mission, viz: to get a pistol loaned by him to a friend near Arlington, and return it to a man who had pledged it in Fort Worth. These facts seem to fix three men at Weaver's store during the five or ten minutes before Pervin called Weaver and during the time it took Weaver to come from his home to the store, and while

he was looking in said store, going to Piggly Wiggly and phoning to the city hall, also while the officers were driving two miles in going from said city hall to Weaver's place,—all which time must be added to that further time which elapsed before officer Harmon got there from some place not shown,—an indefinite time referred to by him as a few minutes, without any apparant knowledge as to how long the other officers had been there when he arrived. Just how he could know they had only been there a few minutes when he was not there when they came, nor did he see them on their way does not appear. We think the testimony properly rejected.

We have again reviewed the charge in the light of appellant's motion. The court affirmatively and favorably charged on what is claimed to be appellant's affirmative defense, without appellant having taken the stand and laid down any such defense, and where it was only supported circumstantially. We find no ground for the complaint at the charge.

The motion for rehearing will be overruled.

*Overruled.*