### WILLIAM HIRAN ALLEN v. STATE.

No. 30,869. October 7, 1959.

*Douglass, Thompson & Douglass,* by *Malcolm C. Douglass,* Pampa, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $150.00.

Officer Syrios of the Borger Police Department testified that on the night in question he received a call to investigate a disturbance at a residence and, while there, his attention was directed to a passing automobile, that he gave chase, brought the

automobile to a halt, and found the appellant alone therein. He stated that the appellant had a strong odor of alcohol on his breath, was incoherent in his speech, and expressed the opinion that he was intoxicated; that he recovered a partially empty fifth of whiskey from the seat of the automobile, placed the appellant under arrest, carried him to the scene of the disturbance and thence to the police station.

Officers Green and Markham testified that they observed the appellant at the police station after his arrest, that he was unsteady on his feet, that his speech was not plain, that he had alcohol on his breath, that his eyes were bloodshot, that he was perspiring profusely, and expressed the opinion that he was intoxicated.

The appellant, testifying in his own behalf, admitted drinking two beers on the day in question, but denied that he had drunk from the whiskey bottle found in his automobile and denied that he was intoxicated. His testimony was corroborated by other witnesses.

The jury resolved this conflict in the evidence against the appellant and we find it sufficient to sustain its verdict.

The sole question presented by brief relates to the admissibility of certain evidence concerning the disturbance which the officers were called to investigate in which the appellant kicked a widow with whom he had been keeping company. We need not pass upon the admissibility of such testimony because the witness was later permitted to testify, without objection, as follows:

"Q. Mr. Allen gave you no reason for kicking you? Did he say anything when he kicked you? A. No.

"Q. He just walked in the door and kicked you? A. Yes."

The accused is in no position to complain of the admission of testimony where the same or similar testimony is admitted without objection. Moseley v. State, 158 Texas Cr. Rep. 578, 258 S.W. 2d 331. See also 4 Texas Jur., Sec. 414, p. 587, and 5 Texas Jur. (2d), Sec. 446, p. 704.

Finding no reversible error, the judgment is affirmed.