**Lecoy STRICKLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 49571.

Court of Criminal Appeals of Texas.

May 21, 1975.

Rehearing Denied June 11, 1975.

---

D. C. Gandy (Court-appointed on appeal only), Fort Worth, for appellant.

Tim Curry, Dist. Atty., John Hill and Clint Starr, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

Our opinion on original submission is withdrawn.

This is an appeal from an order revoking probation. Appellant was convicted of felony theft and placed on two years' probation. Probation was revoked for appellant's failure to report to his probation officer as directed in his conditions of probation.

Motion to revoke was filed in November 1972 and a warrant of arrest issued the same day. An amended motion to revoke was filed, and a second warrant issued, in November 1973. The probationary period expired in December 1973. Appellant was arrested on the warrants in July 1974 and probation was revoked in August 1974.

The motion was filed and warrant issued before expiration of the probationary period. Therefore, the court had jurisdiction to hear the motion. Coffey v. State, Tex.Cr.App., 500 S.W.2d 515; Ortega v. State, Tex.Cr.App., 414 S.W.2d 465; Ex parte Fennell, 126 Tex.Cr.R. 286, 284 S.W.2d 727. The issue raised by appellant is whether the State made a diligent effort to apprehend him and to hear and determine the claimed violation such as to authorize revocation after the probationary period had ended. Stover v. State, Tex. Cr.App., 365 S.W.2d 808. The credibility of the witnesses was for the trial judge to assess. E. g., Farmer v. State, Tex.Cr.App., 475 S.W.2d 753.

Appellant testified, among other things, that in November 1972, when the first motion to revoke was filed, he was living at 210 New York Street in Fort Worth, his address at the time of the hearing. Although he also testified that he gave that address to his probation officer, the testimony of the probation officer was that the last address appellant reported to him[1] was 3100 East Berry Street, which was reported in May 1972. The probation officer further testified that appellant's most recent address on record, the East Berry address, was the one supplied the sheriff's office when the motion to revoke was filed and the warrant issued.

In light of his failure to report his change of address to the probation office, we cannot say that the delay of eight months from the issuance of the second warrant until its execution constituted a lack of diligent effort to apprehend appellant.

The State's motion for rehearing is granted and the judgment of reversal is set aside and the judgment is affirmed.

---

1. One condition of probation was that appellant notify his probation officer of any change in address or employment within three days of such change.