**Edwardo RODRIGUEZ, a/k/a Edward Ramos, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–95–471–CR.**

Court of Appeals of Texas, Corpus Christi.

July 31, 1997.

Mary Peter Cudd, Angleton, for Appellant.

Steven E. Reis, District Attorney, Bay City, Robinson C. Ramsey, San Antonio, for Appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YANEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is a probation revocation case. By two points of error, appellant, Edwardo Rodriguez, a/k/a Edward Ramos, Jr., complains that the trial court lacked jurisdiction to revoke his probation and that the State failed to make a diligent effort to locate and arrest him on the motion to revoke. We affirm.

Appellant pleaded guilty to aggravated assault with a deadly weapon on May 9, 1985, and was sentenced to ten years' imprisonment, probated for ten years. The terms and conditions of his probation included, among other things, that appellant report to his probation officer monthly, pay supervisory fees, make restitution payments, commit no felonies or misdemeanors during his probation, and inform his probation officer of pending changes of residence. On March 9, 1995, the State filed a Petition to Revoke Probation on the grounds that appellant had failed to report for eight consecutive months, was delinquent in making supervisory fee and restitution payments, and was convicted of a misdemeanor in 1990. The trial court signed an order ordering the District Clerk to issue a capias for appellant's arrest. The capias for appellant's arrest, entitled "Alias Capias—Instanter—PETITION TO REVOKE," was issued on March 16, 1995 and erroneously charged appellant with delivery of a controlled substance. The Matagorda County Sheriff's Department received the capias on March 20, 1995, and executed it on July 12, 1995.

■ By his second point of error, appellant complains that the trial court erred in finding that the State used due diligence in locating and arresting him. Appellant contends that the passage of four months between the issuance and service of the capias is clearly unreasonable in light of his readily determinable whereabouts and the absence of written documentation of efforts by the Matagorda County Sheriff's Department to locate him. Appellant argues that there is no evidence that mail sent to his address of record was ever returned.

Appellant contends that Sgt. Nicki Hale, a Matagorda County Sheriff's Department warrant officer, failed to keep records of his attempts to locate appellant. Sgt. Hale admitted that he kept no records, that he relied on the addresses and telephone numbers provided by the probation office, and that he failed to consult the telephone book for a listing for appellant.

Robert "Bobby" Rodriguez, a Bay City Police Department warrant officer, testified that he knew appellant personally, was aware of his residence, and had no difficulty finding him, but he was not contacted by the Matagorda County Sheriff's Department. Jennifer Garcia, appellant's girlfriend, testified that the Sheriff's Department contacted appellant in 1995, and that appellant went to the Sheriff's Department to sell shrimp. Sgt. Robby Galvan, of the Matagorda County Sheriff's Department Narcotics Division, testified that appellant had been an informant and that he had never had significant difficulty in contacting appellant.

The State acknowledges the burden of proving due diligence when raised by a defendant. The State, relying on *Strickland v. State*, 523 S.W.2d 250 (Tex.Crim.App.1975), contends that any delay in service of the capias is the appellant's own fault, and he is, therefore, in no position to complain about it. Furthermore, due to the lack of documentation, the issue of due diligence rested on witness credibility and was properly decided by the trial judge.

In *Strickland*, eight months lapsed between the time the motion to revoke probation was filed and warrants issued and the time the appellant was apprehended. Strickland complained of a lack of due diligence by the State in locating and apprehending him. The delay was explained when it was proven that Strickland's address at the time the motion to revoke was filed was entirely different from the address he had reported to the probation office. The Court held:

> In light of his failure to report his change of address to the probation office, we cannot say that the delay of eight months from the issuance of the second warrant until its execution constituted a lack of diligent effort to apprehend appellant.

*Strickland*, 523 S.W.2d at 251.

In the instant case, appellant did more than fail to report his current address. Ac-

cording to Jennifer Garcia, appellant had been living with her in Bay City since 1992 and, at the time of his arrest in July 1995, appellant resided at 1100 Lois Street in Bay City.

Presley Hale testified that he had been appellant's probation officer since January 1992. Between January 1992 and September 1994, appellant reported six different addresses, none of them in Bay City. Hale was unaware that appellant had been living with Garcia in Bay City. In September 1994, appellant telephoned Hale from Texas City and indicated he intended to reside there. Appellant instructed Hale to send all correspondence to his mother's address—1105 Magnusson in Palacios. After indicating that he was leaving Matagorda County, appellant never contacted his probation officer again. He did not reply to the letter, dated April 5, 1995, sent to 1105 Magnuson in Palacios, notifying him that a hearing on the State's Motion to Revoke Probation had been set. Appellant left no forwarding address with the Palacios post office. The letter was not returned as undeliverable.

Appellant asserts in his brief that "[t]here is no indication appellant had escaped from custody and was hiding." Officer Bobby Rodriguez testified that when he arrived at appellant's residence in July 1995 to arrest him on an unrelated warrant for assault and bodily injury, appellant immediately fled and was captured after he was found hiding in a ditch. The capias in this case was finally served by the Matagorda County Sheriff's Department after appellant was taken into custody by the Bay City Police Department.

■ Under these circumstances, we hold that the passage of four months between issuance and service of the capias is not *per se* unreasonable. *See Strickland*, 523 S.W.2d at 251.

Appellant further complains that the Sheriff's Office was not diligent because Sgt. Hale admitted that he did not consult the telephone book to see if appellant had a new listing after discovering the telephone number provided by the probation office had been disconnected. The record reflects that appellant goes by at least two entirely different names, and that he did not reside in

Palacios. There is no evidence that appellant was, in fact, listed in any telephone book. Appellant does not contend that he would have been apprehended more swiftly had Sgt. Hale consulted the telephone book. Appellant's complaint invites us to speculate that the capias could have been served sooner than it was. We decline to do so.

■ Most of the remaining evidence in the record is testimonial and rests on witness credibility. The credibility of the witnesses is for the trial judge to assess. *Strickland*, 523 S.W.2d at 251. In the absence of a clear abuse of discretion, we will not second guess the judge's assessment.

Appellant contends that Sgt. Hale should have maintained detailed documentation of his efforts to locate appellant and serve the capias, despite having some 2,400 warrants to process each year. Sgt. Hale testified that multiple attempts were made to locate appellant in Palacios, his last known residence, by contacting his relatives, checking with the post office for a forwarding address, and enlisting the assistance of the Palacios Police Department to find him. Appellant complains that this was not enough and implies that a diligent search would have encompassed Bay City as well as Palacios. The testimony of several witnesses reflects that neither the probation department nor the Matagorda County Sheriff's Department had any current knowledge that appellant was residing in Bay City or had significant connections there as all addresses provided by appellant for his residence, employment, and contacts were outside of Bay City.

Appellant further contends that Sgt. Hale only contacted appellant's mother and employer. Sgt. Hale could not recall talking to anyone else about appellant's whereabouts. The record reflects that Sgt. Hale talked to more than those two people, but it is not clear from the printed page if his vagueness about the identities of the others is due to faulty memory, a need to protect informants, or some other cause. The trial judge, having the advantage of observing the witness's demeanor while testifying, was in a better position to decide.

The record does not support appellant's contention that he had any contacts with or could have been contacted by law enforcement or probation officers, other than Officer Bobby Rodriguez, between September 1994 and July 1995. Sgt. Galvan testified that after September 1994, he had tried several times to contact appellant, always unsuccessfully, and had no idea of how to reach him thereafter. Jennifer Garcia's direct testimony regarding appellant's shrimp sales in the Sheriff's Department was extremely vague as to time but, on cross-examination, Garcia admitted appellant had no contact with the Sheriff's Department from September 1994 until July 1995. Appellant was arrested on July 12, 1995.

Appellant has tried to demonstrate a lack of due diligence by emphasizing the acquaintance between appellant and Officer Bobby Rodriguez. Presumably, appellant is inferring that the Matagorda County Sheriff's Office could have learned of the acquaintance if it had tried. Appellant never informed his probation officer of the association, and Officer Rodriguez's name never appeared on the probation department records. Garcia attested vaguely to a few occasions when she and appellant met Officer Rodriguez. Garcia made one specific reference to a date, but left it unclear whether the acquaintance was social or professional. Furthermore, Officer Rodriguez testified that he had dealt with appellant only four or five times during the past two years and made contact with him through intermediaries, not directly, as appellant would "move around quite a bit." Given appellant's attempt to flee when Officer Rodriguez arrived with an arrest warrant, any social aspect to the acquaintance would appear to be tenuous at best.

The contents of the record strongly support the trial court's finding that a sufficiently due and diligent effort was made to arrest appellant. We hold that the trial court did not err in finding that the State used due diligence in locating and arresting appellant. Appellant's second point of error is overruled.

■ By his first point of error, appellant challenges the jurisdiction of the trial court to revoke his probation, an issue raised for the first time on appeal. Appellant contends that the capias is insufficient to sustain jurisdiction because it alleges a charge not contained in the motion to revoke probation. Appellant was on probation for aggravated assault. The offense alleged in the capias was delivery of a controlled substance.

Appellant's probationary term expired on May 9, 1995. The State's petition to revoke probation was filed on March 9, 1995. The court ordered issuance of a capias on March 9, 1995. The capias was issued by the district clerk on March 16, 1995, received by the Matagorda County Sheriff's Department on March 20, 1995, and executed on July 12, 1995, when appellant was taken into custody by the Bay City Police Department. The hearing on the motion to revoke probation was held on August 22, 1995.

■ Two conditions had to be met for the trial court to validly retain its jurisdiction over appellant beyond the expiration of his probation term. First, the State had to file a motion alleging a violation of the probationary terms, and second, the court had to issue a capias or arrest warrant for appellant. *Harris v. State,* 843 S.W.2d 34, 35 (Tex.Crim. App.1992); *Langston v. State,* 800 S.W.2d 553, 554 (Tex.Crim.App.1990); *Prior v. State,* 795 S.W.2d 179, 184 (Tex.Crim.App.1990).

Appellant contends that the issuance of a defective capias does not satisfy the second condition. Thus, appellant argues, the trial court lost jurisdiction when his probationary period expired in May 1995. Appellant cites no authority in support of this contention and does not direct us to any instructive sources.

If the motion to revoke had not been timely filed, or if the capias had not been timely issued, the trial court would clearly lack jurisdiction. *Garza v. State,* 695 S.W.2d 726, 729 (Tex.App.—Dallas 1985), *aff'd,* 725 S.W.2d 256 (Tex.Crim.App.1987). *Garza* does not apply to the instant case where a capias was indeed timely issued. Because we can find no other authority concerning the second condition for retention of jurisdiction (issuance of a capias), we look to the authorities addressing the first condition (filing of the motion to revoke) for guidance.

The Court of Criminal Appeals has held that:

> where a probationer has allegedly violated the terms of probation imposed under Art. 42.12, § 7 and a motion to revoke containing such allegations is filed, the provisions of Art. 42.12, § 8 apply, and jurisdiction to revoke the probation is preserved when the motion is filed and the capias is issued prior to the expiration of the probationary period, followed by due diligence to apprehend the probationer and to hear and determine the contentions in the motion.

*Prior,* 795 S.W.2d at 184. *Prior* mentions only the filing of a motion to revoke and the issuance of a capias and does not discuss the sufficiency of either.

■ Errors in a motion to revoke probation must be pointed out to the trial court in a timely motion to quash. *Longoria v. State,* 624 S.W.2d 582, 584 (Tex.Crim.App.1981); *Wallace v. State,* 550 S.W.2d 89, 91 (Tex. Crim.App.1977); *Tone v. State,* 505 S.W.2d 300, 301 (Tex.Crim.App.1973). In the absence of such motion, error, if any, is waived. *Gordon v. State,* 575 S.W.2d 529, 531 (Tex. Crim.App. [Panel Op.] 1978). As no jurisdictional issue is involved, the question of the sufficiency of a motion to revoke probation cannot be raised for the first time on appeal, even though the motion is in fact defective. *Martinez v. State,* 493 S.W.2d 954, 955 (Tex. Crim.App.1973); *Vance v. State,* 485 S.W.2d 580, 581–82 (Tex.Crim.App.1972); *Guerra v. State,* 750 S.W.2d 360, 361 (Tex.App.—Corpus Christi 1988, pet. ref'd). The court looks to the motion to revoke probation, not the capias or arrest warrant, to determine what allegations are made as the basis of the revocation hearing. *Garcia v. State,* 453 S.W.2d *822,* 823 (Tex.Crim.App.1970). So long as the motion provides adequate notice of the charges alleged, fundamental notions of fairness are satisfied, despite flaws in the motion. *Labelle v. State,* 720 S.W.2d 101, 108–09 (Tex.Crim.App.1986).

Because failure to challenge a clearly insufficient motion to revoke probation waives error and does not impair jurisdiction, we hold that the same is true of a defect in the capias. The record shows that despite ample opportunity to complain to the trial court about the clear error, appellant did not complain.

Appellant does not claim to have been misled or harmed by the error in the capias. The capias was boldly headed "Alias Capias—Instanter—PETITION TO REVOKE" which reasonably gave notice of the purpose of the capias despite the mistaken allegation. Indeed, it is clear from the record that appellant relied on the allegations in the State's motion to revoke, not the offense alleged on the face of the capias, to prepare his defense. Moreover, we find that no evidence was obtained or admitted because of the capias, rendering the error harmless, since appellant's hearing was based on the motion to revoke, not the capias. *See Garcia,* 453 S.W.2d at 823.

Furthermore, by waiting until his appeal to complain of an obvious error, the appellant waived the defect and so preserved nothing for review. *Fann v. State,* 702 S.W.2d 602, 604 (Tex.Crim.App.1986); *Tatum v. State,* 534 S.W.2d 678, 680 (Tex.Crim.App.1976); *cf. Casey v. State,* 519 S.W.2d 859, 860 (Tex. Crim.App.1975) (error not detectable until record prepared). Appellant's first point of error is overruled.

■ An issue raised in passing by appellant is the constitutionality of article 42.12, §§ 10 & 21 of the Code of Criminal Procedure. We will address it in the interest of justice. Appellant's apparent basis for constitutional challenge is to question the legality of issuing an arrest warrant for a person who violates the terms of his probation. Appellant argues that such violations are not offenses "as defined by the code."

■ Texas courts with criminal jurisdiction are authorized by the state constitution to extend clemency to convicts by way of probation, under such circumstances and conditions as the court shall deem. TEX. CONST. art. IV, § 11A; TEX.CODE CRIM. PROC. ANN. art. 42.12 § 11 (Vernon Supp.1997); *Wilson v. State,* 156 Tex.Crim. 228, 240 S.W.2d 774, 775 (App.1951). The courts are also empowered to revoke probation and reimpose sentence, under such conditions as the Legislature may prescribe. TEX. CONST. art. IV, § 11A. The Texas Legislature has

provided for such conditions by statute. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21 (Vernon Supp.1997). When a court extends clemency by way of probation under the statute[1] the relationship existing is essentially contractual, in that the court and the defendant agree that probation will be extended if the defendant keeps and performs certain requirements and conditions, the violation of which will authorize the revocation of probation. *Flournoy v. State,* 589 S.W.2d 705, 707 (Tex.Crim.App.1979); *Bradley v. State,* 564 S.W.2d 727, 729 (Tex.Crim.App.1978); *Allen v. State,* 168 Tex.Crim. 309, 327 S.W.2d 765 (App.1959). We find no merit in the implication that the probation contract is constitutionally unenforceable at the whim of a probationer who chooses not to abide by its terms.

The judgment of the trial court is AFFIRMED.

---

1. TEX.CODE CRIM. PROC. ANN. art. 42.12.