Nos. 04-98-00554-CR & 04-98-00555-CR


Clifton JENKINS,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court Nos. 95-CR-5629 & 95-CR-1975


Honorable Susan D. Reed, Judge Presiding



PER CURIAM


Sitting: Tom Rickhoff, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: May 19, 1999


AFFIRMED


 Clifton Jenkins pled guilty to possession of cocaine; and, pursuant to a plea bargain,
the trial court sentenced him to two years confinement, probated for three years, plus a
$2,000 fine. Jenkins also pled guilty to possession of methamphetamine; and, pursuant to
a plea bargain, the trial court sentenced him to two years confinement, probated for three
years. Later, the State moved to revoke Jenkins's probation on the basis that he violated a
condition of probation by leaving the restitution center without permission. Jenkins pled true
to the motion, and the trial court revoked his probation in both cases. Because the issues on
appeal involve well-settled principles of law, we affirm the trial court's judgments in this
memorandum opinion. See Tex. R. App. P. 47.1.

 In his first point of error, Jenkins contends the probation condition had expired before
he allegedly violated it. Jenkins's plea of true, however, is sufficient to support the
revocation. See Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979);
Hays v. State, 933 S.W.2d 659, 661(Tex. App.--San Antonio 1996, no pet.). We
nonetheless note that Jenkins's argument assumes he would enter the restitution center in
June 1996 and leave in December 1996. To the contrary, the record reflects that Jenkins did
not enter the center until December 1996, only one month before he left the facility in
violation of the condition that he remain six months. Accordingly, we overrule Jenkins's
first point of error.

 In his second and third points of error, Jenkins challenges the revocation because the
State's motion to revoke referred to Condition No. 25, rather than Condition No. 21. By
failing to file a motion to quash in the trial court, Jenkins waived his complaints. See Gordon
v. State, 575 S.W.2d 529, 531 (Tex. Crim. App. [Panel Op.] 1978); Rodriguez v. State, 951
S.W.2d 199, 204 (Tex. App.--Corpus Christi 1997, no pet.). We therefore overrule his
second and third points of error.

 We affirm the trial court's judgments.

 PER CURIAM

DO NOT PUBLISH