**Esequiel GUTIERREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–00–274–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 12, 2001.

Donald B. Dailey, Jr., Portland, for Appellant.

Michael Hess, Asst. Dist. Atty., Patrick Flanigan, Dist. Atty., Sinton, for the State.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Esequiel Gutierrez, Jr., appellant, pleaded guilty to delivery of a controlled substance. The trial court found him guilty, sentenced him to confinement for one year, but suspended his sentence and placed him on community supervision for three years. Thereafter, appellant's community supervision was revoked and he was sentenced to confinement for one year. On appeal, appellant contends the trial court abused its discretion in revoking community supervision because the State failed to exercise due diligence in procuring his arrest and because the only evidence establishing a violation of his community supervision was inadmissible hearsay. We reverse and remand.

As a condition of his community supervision, appellant was committed to the Coastal Bend Regional Restitution Center. On March 8, 1998, the State filed a motion to revoke probation alleging appellant violated conditions of his community supervision in that he intentionally and knowingly withdrew himself from the restitution center without permission, and that he intentionally and knowingly left a community corrections facility in violation of section 38.113(a) of the Texas Penal Code. The trial court signed an order for appellant's arrest on May 7, 1998. He was arrested on the motion to revoke on March 22, 2000, some twenty-two months after the court entered the order of arrest, and seven months after the expiration of his community supervision.

Appellant filed a motion to dismiss the State's motion to revoke probation on the basis that the State failed to exercise due diligence in executing his arrest. The court held a hearing on the motion to dismiss and the motion to revoke on the same date. The court denied appellant's motion to dismiss and revoked his community supervision.

■ By his first issue, appellant asserts the trial court abused its discretion in revoking community supervision because the

State did not exercise due diligence in arresting him after the motion to revoke had been filed.

 A trial court retains jurisdiction to revoke community supervision after the period of community supervision has expired so long as a motion to revoke was filed and a capias issued before the expiration of the period. *Harris v. State,* 843 S.W.2d 34, 35 (Tex.Crim.App.1992); *Langston v. State,* 800 S.W.2d 553, 554 (Tex. Crim.App.1990) (per curiam). Assuming this jurisdictional requirement is met, the State must use due diligence in executing the capias that results from the motion to revoke. *Harris,* 843 S.W.2d at 35. The State's failure to exercise due diligence in the execution of the capias gives rise to a plea in bar or defense. *Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Crim.App.1999). Once the defendant meets the burden of production by raising the due diligence issue at the revocation hearing, the State has the burden of persuasion to show that it exercised due diligence. *Brecheisen v. State,* 4 S.W.3d 761, 763 (Tex.Crim.App. 1999); *Rodriguez v. State,* 804 S.W.2d 516, 518 (Tex.Crim.App.1991).

Here, the motion to revoke was filed and the order of arrest was entered before the expiration of appellant's community supervision. Thus, the issue in this case is whether the State exercised due diligence in apprehending appellant. The evidence showed appellant was living at the restitution center prior to the filing of the motion to revoke and had left the center without permission at the time the motion was filed. The State had the address where appellant resided prior to his admittance at the restitution center and attempted to contact him there by sending him a letter. The letter informed appellant that a motion to revoke had been filed and that there was a warrant for his arrest. The State also conducted a warrant and crimi-

nal history check on appellant, possibly to determine if he was in custody in another county. The State made no other attempt to contact appellant. A probation officer testified that appellant did not have a phone, so the State could not call him.

The court of criminal appeals has found that the State did not exercise due diligence in cases in which a significant period of time elapsed between the filing of the motion to revoke and the arrest, and between the expiration of probation and the arrest. *See Harris,* 843 S.W.2d at 35–36; *Rodriguez,* 804 S.W.2d at 517; *Langston,* 800 S.W.2d at 554. In those cases, the State knew the probationers' addresses, yet failed to make any meaningful effort to apprehend them. *Harris,* 843 S.W.2d at 35–36 (no due diligence when appellant was arrested almost ten years after it filed a motion to revoke, motion to revoke was filed after the appellant ceased reporting to his probation officer, the State performed records checks with the local police and the Texas Department of Public Safety, requested updated address information from the post office, contacted references on the appellant's personal information sheet, and there was no evidence the appellant went into hiding); *Rodriguez,* 804 S.W.2d at 517–518 (no due diligence when approximately two years passed between the motion to revoke and revocation of probation, there was a one year lapse between the expiration of probation and the revocation of probation, and the State knew the appellant's address and place of employment, yet did not attempt to apprehend him); *Langston,* 800 S.W.2d at 554–55 (no due diligence when eight months passed between the filing of the motion to revoke and the arrest, over seven months lapsed between the expiration of probation and the arrest, the State knew the appellant's address, and there was no evidence the appellant was in hiding).

This Court has held that a trial court did not err in finding the State exercised due diligence when four months lapsed between issuance and service of the capias, the appellant apparently gave his probation officer misinformation regarding his address, and multiple attempts were made to locate the appellant by contacting his relatives, checking with the post office for a forwarding address, and enlisting the assistance of the Palacios Police Department to find him. *Rodriguez v. State*, 951 S.W.2d 199, 202 (Tex.App.—Corpus Christi 1997, no pet.).

Under the circumstances in this case, we are unable to conclude the State exercised due diligence in executing appellant's arrest. There was a significant lapse of time between the filing of the motion to revoke and appellant's arrest, as well as the expiration of community supervision and the arrest. During that period, the State's only actions in attempting to apprehend appellant were mailing a letter to his address and conducting a criminal history and warrant check.

Unlike cases upholding a trial court's finding of due diligence, there is no evidence in this case that the delay in apprehending appellant was appellant's own fault. *See Strickland v. State*, 523 S.W.2d 250, 251 (Tex.Crim.App.1975) (delay was explained when it was proven that defendant's address at the time the motion to revoke was filed was entirely different from the address he had reported to the probation office); *Rodriguez*, 951 S.W.2d at 201–02 (delay was explained because appellant provided probation officer with six different addresses, none of which were in the city where he was residing). Here, the State presented no evidence appellant evaded service or was in hiding. That appellant left the restitution center without permission, which was the underlying reason for the revocation of his community

supervision, does not excuse the State's failing to take any significant action toward apprehending appellant, particularly when it knew his address.

The trial court should have granted appellant's motion to dismiss. Appellant's first issue is sustained. Because his first issue is dispositive, we do not reach appellant's remaining issues. *See* TEX.R.APP. P. 47.1

The judgment of the trial court is REVERSED, and the cause is REMANDED to the trial court for action consistent with this opinion.