**Phuong NGUYEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–02–131–CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

June 26, 2003.

Rehearing Overruled July 31, 2003.

Bob Wicoff, Houston, for appellant.

Robinson C. Ramsey, Soules & Wallace, P.C., San Antonio, Steven E. Reis, Dist. Atty., for state.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, Phuong Nguyen, brings this appeal following the revocation of his probation.[1] By his first issue, Nguyen claims the trial court erred in finding the State exercised due diligence in executing the capias issued pursuant to its motion to revoke. By his second issue, Nguyen claims he was denied effective assistance of counsel at the revocation hearing. We reverse and remand.

### I. FACTS

On September 19, 1991, Nguyen was convicted of the offense of sexual assault and sentenced to five years probation. Nguyen was ordered to report monthly to the Matagorda County Probation Department and pay monthly probation fees of $25.00. He complied for approximately one year before ceasing all contact with the probation department. Nguyen's last contact with the department was on September 18, 1992.

In November and December of 1992, the probation department sent letters to Nguyen at his last known address. The department did not receive any response to the letters and the letters were not returned. Nguyen did not notify the probation department of any change of address, although this was a requirement of his probation. The State filed a motion to revoke probation in January 1993, and a capias was issued for Nguyen's arrest.

The Matagorda County Sheriff's Department attempted to find Nguyen in Palacios, Matagorda County, where he resided at the time he was sentenced. The sheriff's department was unsuccessful in locating Nguyen and was told he had moved back to Vietnam. The sheriff's department also entered Nguyen's name in the Texas Crime Information Center (T.C.I.C.) state computer database hoping that a state agency might find Nguyen.

No further action was taken by either the probation department or the sheriff's department until some time in 1995 or

1. Section 23(b) of article 42.12 of the code of criminal procedure affords Nguyen an unrestricted right to appeal from an order revoking community supervision. TEX.CRIM. PROC. CODE. ANN. art. 42.12, § 23(b) (Vernon Supp. 2003).

1996, when a Harris County address was discovered for Nguyen. The sheriff's department sent a teletype to Harris County, but Nguyen was not apprehended at that time. In 1998, Nguyen received a state-issued identification card with his Harris County address.

In January and March of 1998, the probation department sent letters to Nguyen's Palacios address. No responses to these letters were received and the letters were not returned. In 1999, after running a criminal history check, the probation department discovered Nguyen's Harris County address and sent him a letter. Once again, no response was received to the letter and it was not returned. In 2000, the probation department ran another criminal history check on Nguyen and sent two more letters, one to his Harris County address and one to his Palacios address. No response to these letters was received and they were not returned.

Finally, appellant was arrested in October 2001 at a Texas Department of Public Safety office while applying for a state driver's license. The trial court then held a hearing on the State's motion to revoke probation. Nguyen entered a plea of not true to the allegations in the motion. The trial court found that Nguyen had violated the terms of his probation, found him guilty, revoked his probation, and sentenced him to serve five years in prison.

## II. STANDARD OF REVIEW

In reviewing the revocation of an appellant's probation, courts of appeals use an abuse of discretion standard. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). It is a clear abuse of discretion where the record indicates the trial court acted without reference to any guiding principles or rules, such that its decision is arbitrary or unreasonable. *State v. Pat-*

*rick*, 990 S.W.2d 450, 451 (Tex.App.-Corpus Christi 1999, no pet.).

## III. ANALYSIS

By his first point of error, Nguyen contends the State did not exercise due diligence in executing the capias issued for his arrest. We agree.

A trial court retains jurisdiction to revoke probation after the probationary period has expired so long as a motion to revoke was filed and a capias issued before the expiration of the probationary period. *Harris v. State*, 843 S.W.2d 34, 35 (Tex. Crim.App.1992); *Gutierrez v. State*, 46 S.W.3d 394, 396 (Tex.App.-Corpus Christi 2001), *aff'd*, 85 S.W.3d 817 (Tex.Crim.App. 2002) (per curiam). Once this jurisdictional requirement is met, the State must use due diligence in executing the capias that is issued as a result of the motion to revoke. *Harris*, 843 S.W.2d at 35; *Gutierrez*, 46 S.W.3d at 396. The State's failure to execute the capias with due diligence is a plea in bar or defense for the probationer. *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999); *Gutierrez*, 46 S.W.3d at 396. Once the probationer meets the burden of production by raising the due diligence issue at the revocation hearing, the burden of persuasion shifts to the State to show that it exercised due diligence by a preponderance of the evidence. *Brecheisen v. State*, 4 S.W.3d 761, 763 (Tex.Crim.App.1999); *Rodriguez v. State*, 804 S.W.2d 516, 518 (Tex.Crim.App. 1991) (per curiam); *Gutierrez*, 46 S.W.3d at 396.

Generally, lack of due diligence is found when a significant amount of time has elapsed between the issuance and execution of the capias, and no meaningful effort was made to locate the probationer. *See Peacock v. State*, 77 S.W.3d 285, 288 (Tex.Crim.App.2002); *Harris*, 843 S.W.2d at 36; *see also Rodriguez*, 804 S.W.2d at

518; *Gutierrez*, 46 S.W.3d at 396. In each of the cases cited above, the probationer was not actively avoiding apprehension and there were inexplicable lapses in activity between the time the capias was issued and the time the capias was executed.

On the other hand, when the State produces evidence showing that the significant delay in executing the capias was the probationer's own fault instead of lack of diligence on the part of the State, the trial court's finding of due diligence will generally be upheld. *See Strickland v. State*, 523 S.W.2d 250, 251(Tex.Crim.App.1975); *Beaty v. State*, 49 S.W.3d 606, 609 (Tex. App.-Beaumont 2001, pet. ref'd); *Rodriguez v. State*, 951 S.W.2d 199, 201–02 (Tex. App.-Corpus Christi 1997, no pet.).

The entering of the capias into the T.C.I.C. alone is not sufficient to show due diligence on the part of the State. *Harris*, 843 S.W.2d at 35–36. Likewise, a letter sent to a probationer's last known address is inadequate to show due diligence. *Peacock*, 77 S.W.3d at 288. "Due diligence can be shown by proof of reasonable investigative efforts made to apprehend the person sought." *Id.*

In this instance, Nguyen complied with the requirements of his probation for approximately one year. He then ceased all contact with the probation department. He also failed to comply with the requirements of his probation by moving to Harris County without notifying the probation department. The probation department sent letters to his self-disclosed address and received no reply. The sheriff's department went to Nguyen's last known address in Palacios but did not find him. The department was told he had returned to Vietnam. Initially, the capias could not be executed because of the fault of appellant in failing to meet the requirements of his probation. When Nguyen moved to Harris County and did not inform the pro-

bation department of his address change, he eluded capture. An absconding probationer should not be able to escape punishment by eluding the authorities. *Peacock*, 77 S.W.3d at 288–89. Therefore, we find that the State initially exercised due diligence in attempting to execute the capias through a combination of reasonable investigative efforts.

■ However, we conclude the State did not act with due diligence in the actual execution of the capias. The State should not benefit from doing nothing to execute a capias when there is no reasonable explanation for the lack of effort to execute. *Id.* Once the State knew Nguyen's address in Harris County, it sent a teletype to Harris County. However, there is no indication in the record that any action was taken pursuant to that teletype, nor is there any indication that the sheriffs department followed up on that teletype. When the State knows the whereabouts of the probationer and does not actively pursue execution of the capias once it has that knowledge, due diligence is not shown. *See Peacock*, 77 S.W.3d at 288; *Harris*, 843 S.W.2d at 36; *Rodriguez*, 804 S.W.2d at 518–19; *see also Beaty*, 49 S.W.3d at 608; *Gutierrez*, 46 S.W.3d at 397.

When Nguyen was finally arrested in October 2001, at least five years had passed since the State knew of his whereabouts in Harris County. An unexplained lapse of at least five years in the execution of a capias is not due diligence. *See Peacock*, 77 S.W.3d at 289 (unexplained delay of seventeen months from issuance to execution of capias while probationer's whereabouts are known is not due diligence); *Rodriguez*, 804 S.W.2d at 519 (State failed to show it made diligent effort to apprehend probationer when twenty-three months passed from issuance to execution of capias while probationer's whereabouts were known); *Gutierrez*, 46 S.W.3d at 397

(fact that probationer changed residences without permission does not excuse the State's failing to take action for twenty-two months, particularly when it knew his address).

For the State to show due diligence, it had to show proof of reasonable investigative efforts after issuance of the capias to apprehend Nguyen. *See Peacock,* 77 S.W.3d at 288. The State has failed to carry its burden to show it made a diligent effort to apprehend Nguyen once it knew his whereabouts. *See id.* at 289. We hold that the State did not act with due diligence in executing the capias because it allowed at least five years to pass during which it knew Nguyen's whereabouts but did not use reasonable investigative efforts to execute the capias. *See Peacock,* 77 S.W.3d at 288. Therefore, because we find that the trial court abused its discretion in finding due diligence under these facts, *see Jackson,* 645 S.W.2d at 305, we sustain appellant's first issue.[2]

### IV. CONCLUSION

Accordingly, we reverse the judgment of the trial court and remand this cause to the trial court with instructions to dismiss the State's motion to revoke suspended sentence.

Dissenting opinion by Justice ERRLINDA CASTILLO.

CASTILLO, Justice, dissenting.

Because I agree with Part I of the dissenting opinion in *Peacock v. State,* 77 S.W.3d 285, 288–90 (Tex.Crim.App.2002), I respectfully dissent.

---

2. Because appellant's first issue is dispositive, we need not reach his remaining issue. *See*

TEX.R.APP. P. 47.1.