NUMBER 13-03-648-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

HENRY GARCIA PEÑA, JR.,                                                       Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 156th District Court of Live Oak County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
          Appellant, Henry Garcia Pena, Jr., appeals the trial court’s decision to revoke his
community supervision and sentence him to one year in a state jail facility for possession
of marihuana. In a single issue, appellant contends the State failed to use due diligence
in executing the arrest warrant associated with the motion to revoke his community
supervision. We reverse and remand. 
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.          The record contains the trial court’s certification that the case is not a plea-bargain
case, and the defendant has the right to appeal. See Tex. R. App. P. 25.2(a)(2).
Background
          Pursuant to a plea bargain, on March 29, 2000, the trial court found appellant guilty
of possession of marihuana, sentenced him to two years of confinement and a fine of
$2,500, suspended the sentence, and placed him on community supervision for three
years. On April 3, 2002, the State filed a motion to revoke appellant’s community
supervision and an order for his arrest. Seventeen months later, appellant was arrested
on September 9, 2003, over five months after the expiration of his community supervision.
          On October 6, 2003, appellant filed a motion to dismiss the State’s motion to revoke,
arguing that the State had failed to use due diligence in executing the arrest warrant. On
October 8, 2003, the trial court simultaneously held a hearing on appellant’s request for
dismissal and the State’s motion to revoke. The trial court denied appellant’s motion to
dismiss, and appellant pled “true” to several allegations in the State’s motion. The trial
court found the allegations true, revoked appellant’s community supervision, and
sentenced him to one year in a state jail facility. 
Standard of Review
          In reviewing the revocation of an appellant’s probation, courts of appeals use an
abuse of discretion standard. Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App.
1983); Nguyen v. State, 109 S.W.3d 820, 822 (Tex. App.–Corpus Christi 2003, pet. ref’d). 
It is a clear abuse of discretion where the record indicates the trial court acted without
reference to any guiding principles or rules, such that its decision is arbitrary or 
unreasonable. Nguyen, 109 S.W.3d at 822. 
Applicable Law 
          A trial court has the jurisdiction to hear a motion to revoke community supervision
even after the period of community supervision has expired. Prior v. State, 795 S.W.2d
179, 183 (Tex. Crim. App. 1990). The reason for allowing a trial court's jurisdiction to
continue beyond the expiration of the defendant's probationary period is to prevent
probation-term violators from benefitting from absconding. Peacock v. State, 77 S.W.3d
285, 288 (Tex. Crim. App. 2002). In order for the jurisdiction of the court to extend beyond
the expiration of the defendant's community supervision, two events must take place: (1)
a motion to revoke probation must be filed; and (2) a capias must be issued. Id. at 287;
Nguyen, 109 S.W.3d at 822. The issue of lack of due diligence must be raised by the
defendant before or during the revocation hearing in order to preserve it for appellate
review. Peacock, 77 S.W.3d at 288. Once a defendant has raised the issue, the burden
rests with the State to show due diligence. Langston v. State, 800 S.W.2d 553, 555 (Tex.
Crim. App. 1990); Nguyen, 109 S.W.3d at 822. The State must prove by a preponderance
of the evidence that due diligence was used in executing the capias and in holding a
hearing on the motion to revoke. Peacock, 77 S.W.3d at 288; Nguyen, 109 S.W.3d at 822. 
In determining whether due diligence was exercised in apprehending the defendant, the
trial court may consider actions taken by the State before the motion to revoke was filed
and the capias issued. Bawcom v. State, 78 S.W.3d 360, 367 (Tex. Crim. App. 2002).    
           Due diligence can be shown by proof of reasonable investigative efforts made to
apprehend the person sought. Peacock, 77 S.W.3d at 288. Requiring the State to show
due diligence in executing the capias helps a court determine whether the defendant
cannot be found because he is trying to elude capture or because no one is looking for
him. Id. 
          Generally, lack of due diligence is found when a significant amount of time has
elapsed between the issuance and execution of the capias, and no meaningful effort was
made to locate the probationer. Nguyen, 109 S.W.3d at 822; see Peacock, 77 S.W.3d at
288 (State failed to prove due diligence when it only entered capias into TCIC and sent 
letter to defendant's last known address); Harris v. State, 843 S.W.2d 34, 36 (Tex. Crim.
App. 1992) (State did not exercise due diligence when it sent four letters to defendant's last
known address and made a phone call to his mother), overruled in part by Bawcom, 78
S.W.3d at 367; Rodriguez v. State, 804 S.W.2d 516, 517-18 (Tex. Crim. App. 1991) (State
did not prove due diligence when State knew defendant's address and place of
employment, yet did not attempt to apprehend him). In each of the cases cited above, the
probationer was not actively avoiding apprehension and there were inexplicable lapses in
activity between the time the capias was issued and the time the capias was executed. 
See Nguyen, 109 S.W.3d at 823 (citing cases). However, when the State produces
evidence showing that the significant delay in executing the capias was the probationer's
own fault instead of lack of diligence on the part of the State, the trial court's finding of due
diligence will generally be upheld. Id. (citing Strickland v. State, 523 S.W.2d 250, 251(Tex.
Crim. App. 1975); Beaty v. State, 49 S.W.3d 606, 609 (Tex. App.–Beaumont 2001, pet.
ref'd); Rodriguez v. State, 951 S.W.2d 199, 201-02 (Tex. App.–Corpus Christi 1997, no
pet.)).                                                                                                                                   
          The entering of the capias into the TCIC alone is not sufficient to show due diligence
on the part of the State. Id. (citing Harris, 843 S.W.2d at 35-36). Likewise, a letter sent
to a probationer's last known address is inadequate to show due diligence. Id. (citing
Peacock, 77 S.W.3d at 288).
Analysis
           At the hearing, the only witness was Carlos Buenteo, an adult probation officer, who 
testified that although he had custody of appellant’s file, he did not supervise appellant. 
Buenteo testified that after the motion to revoke was filed on April 3, 2002, copies of the
warrant were forwarded to the sheriff’s office for execution. When asked whether he had
any knowledge regarding why appellant was not arrested until September 22, 2003,
Buenteo said he did not. Buenteo said that the procedure at the sheriff’s office is to enter
the arrest warrant into the TCIC, a statewide criminal information database used by law
enforcement agencies. Based on information in appellant’s file, Buenteo testified that the
community supervision department sent a certified letter to appellant at his last known
address on February 15, 2002; the letter was returned unclaimed. Buenteo testified that
appellant’s records reflect that on April 11, 2002, a probation officer talked to appellant’s
stepmother. Buenteo testified that after the probation department provided the sheriff’s
office with appellant’s last known address, his involvement in the case ended.
          We conclude the State failed to carry its burden to show it made a diligent effort to
apprehend appellant. See Peacock, 77 S.W.3d at 289 (unexplained delay of seventeen
months from issuance to execution of capias while probationer’s whereabouts are known
is not due diligence). Although the sheriff’s office was provided with appellant’s last known
address, the record does not reflect that the State used reasonable investigative efforts to
execute the arrest warrant. 
          Because we find that the trial court abused its discretion in finding due diligence on
these facts, see Jackson, 645 S.W.2d at 305, we sustain appellant’s issue. We reverse
the judgment of the trial court and remand this cause to the trial court with instructions to
dismiss the State’s motion to revoke.
 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice





Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
26th day of August, 2004.