**Tesa BALLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 10–01–323–CR, 10–01–324–CR.**

Court of Appeals of Texas, Waco.

Aug. 28, 2002.

Rickey D. Jones, Corsicana, for appellant.

Patrick C. Batchelor, Navarro County Dist. Atty., David P. Lamb, Navarro County Asst. Dist. Atty., Corsicana, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

On July 17, 1996, Tesa Ballard pled guilty in Navarro County to two offenses which had been separately indicted: tampering with a witness, a state jail felony,[1] and retaliation against a witness, a third-degree felony.[2] Two judgments were entered that same day, sentencing her to two years and five years in prison, respectively, each placing her on five years' community supervision, to run concurrently.

On December 8, 1998, the State filed a motion in each case to revoke community supervision, alleging that Ballard pled guilty in November 1998 to the offense of credit card abuse and was behind in paying fees and costs incident to her community supervision. On December 4, 1998 (before the motions were file-marked by the clerk), the court ordered that a warrant be issued in each case for Ballard's arrest. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (Vernon Supp.2002). She was arrested in Dallas County on May 21, 2001, over twenty-nine months after the warrants were issued and about two months before her community supervision period expired. After hearings in Dallas and Collin Counties on other charges, Ballard was returned to Navarro County on August 2, 2001, two weeks after the period expired.

On August 15, 2001, Ballard filed a motion in each case to dismiss the revocation proceeding, claiming the State had not exercised due diligence in apprehending her. The court held a hearing on the revocation motions on August 30, about six weeks after her community supervision period expired, revoked her community supervision, and sentenced her to five years in prison in the retaliation case and one year in the witness-tampering case.

Ballard's sole issue on appeal is that the State failed to meet its burden to show due diligence in apprehending her.

█ The Court of Criminal Appeals has recently reaffirmed that a trial court's jurisdiction to hear a motion to revoke may extend after the period of community supervision has expired if: (1) the State filed a motion to revoke community supervision before the period expired; (2) a warrant or capias was issued before the period expired. *See Peacock v. State,* 77 S.W.3d 285, 287 (Tex.Crim.App.2002); *see also Rodriquez v. State,* 992 S.W.2d 483, 486 (Tex.Crim.App.1999). But even under these circumstances, the defendant has a common law defense of "failure to exercise due diligence" in apprehending the probationer and in hearing and determining the allegations in the motion. *Peacock,* 77 S.W.3d at 287; *McKelvy v. State,* 5 S.W.3d 321, 323 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (delay in hearing the motion to revoke). This defense is not jurisdictional but rather a matter of equity. *Peacock,* 77 S.W.3d at 291 (Keller, S. dissenting) (discussing equitable nature of the defense); *Burch v. State,* 821 S.W.2d 385, 386–87 (Tex.App.-Waco 1991, no pet.) (due diligence is not jurisdictional).

█ The defendant must raise the issue, after which the State has the burden to show due diligence by a preponderance of the evidence, the same standard applied to proof of the allegations contained in the motion to revoke. *Peacock,* 77 S.W.3d at 288. If the State fails to show due diligence, the motion to revoke should be

---

1. TEX PEN.CODE ANN. § 36.05 (Vernon Supp. 2002).

2. TEX. PEN.CODE ANN. § 36.06 (Vernon Supp. 2002).

denied, rather than dismissed. *Burch,* 821 S.W.2d at 387–88.

In *Peacock,* the issue was also due diligence in apprehending the defendant; the Court said "due diligence can be shown by proof of reasonable investigative efforts made to apprehend the person sought." Implied is that the determination of "reasonableness" is made on a case-by-case basis, *i.e.,* based on what would be reasonable in *this* case. *Peacock,* 77 S.W.3d at 288. The Court explained that the purpose of extending jurisdiction beyond the end of the period of community supervision is that otherwise absconders would benefit from their wrongful evasions. *Id.* However, requiring the state to show due diligence in executing the warrant helps the court determine whether the probationer cannot be found because she is trying to elude capture or because no one is looking for her. *Id.* at 289. Just as the probationer should not benefit from hiding, the state should not benefit by doing nothing; if she is not being sought, there is no reason for the court's jurisdiction to be extended. *Id.* The Court concluded that the two actions taken by the state to apprehend Peacock—a letter sent by the Sheriff's Department to his last known address, and the entry of the capias into the TCIC, a statewide criminal information database used by law enforcement—were inadequate to show due diligence. *Id.* at 288–89.

The motions in Ballard's two cases were heard at the same time. She timely raised the issue of due diligence. At the hearing, Debra Roberts, a community supervision officer for Navarro County, was the sole witness for the State. She testified that after the revocation warrants were issued, they were entered into the statewide system and sent to Dallas County to be served at Ballard's last known address. She said that when the warrants were not served, the "absconder division" got another address and sent a letter to Ballard, which was not returned. Later, some unidentified person gave her a new address, so she asked that it be teletyped to Dallas County so that the warrants could be served. Roberts also identified and the court admitted into evidence [3] a letter dated August 28, 2001, from the Dallas County Community Supervision and Corrections Department which stated: "Ms. Ballard reported to us last on November 23, 1998. On January 10, 1999, she called and spoke to her officer and advised she was choosing not to report because she was aware of an outstanding warrant from your county."

On cross-examination, Roberts denied knowing that Ballard had been in custody in Dallas County on another occasion after the warrants were issued but before she was arrested on them. Roberts said that once the motions to revoke community supervision were filed, she notified the Navarro County Sheriff's Department of the warrants and she had no knowledge of what steps might have been taken to locate Ballard. She also testified: "But once a warrant is filed it goes into the warrant division and we don't continue to look for them. I didn't have a failure to report, I had a new offense."

Ballard called another Navarro County community supervision officer, Scott Heaton, who testified that he, likewise, did not know Ballard had been in custody in Dallas County in the year 2000. Heaton also said that he never went to Ballard's mother's home in Navarro County to look for her.

Ballard also produced testimony from her landlord, Leon Mosley, that she and

---

3. Counsel affirmatively stated "no objection" when this exhibit was admitted.

her three children had lived at the same address, 7718 Texridge, in Dallas for over two years prior to the hearing. Ballard testified that she had lived there for three and one-half years and that her Dallas County community supervision officer, Ms. Steelwell, had her address and phone number. She said that no one came looking for her at her residence.

Ballard was not arrested for some twenty-nine months after the court authorized the issuance of the warrants. She focuses on this period of time as that during which the State failed to exercise due diligence. Apparently because she was detained in both Dallas and Collin counties for proceedings on other charges, she does not assert a lack of due diligence in hearing and determining the merits of the motions for revocation after her arrest. However, had she been sooner arrested after the warrants were issued (presumably as little as six weeks earlier, the same length of time that the hearing was held after the community supervision period had expired), the hearing could have been held and the motion determined before the period of community supervision expired. Because the court's jurisdiction had been extended by the motions and issuance of the warrants, we address the issue of whether the State exercised due diligence to apprehend Ballard during the twenty-nine months that elapsed after the warrants were issued and before she was arrested.

The record of the hearing shows that the State produced no evidence of attempts to locate and apprehend Ballard other than the forwarding of warrants to Dallas County, the entry of the warrants into a statewide system, and letters sent by the "absconder division" which were not returned. The State's only witness had no knowledge of any other steps taken to apprehend Ballard. The information pro-

vided by the Dallas County Community Supervision and Corrections Department concerning Ballard's statement about choosing not to report was not sent to Navarro County until two days before the hearing; thus, it could not account for the State's failure to locate and apprehend Ballard. From the record before us, we must conclude that "no one was looking for her." Peacock, 77 S.W.3d at 289. Thus, we hold that the State failed to prove by a preponderance of the evidence that it used due diligence in apprehending Ballard. Id. at 288. Had the State used due diligence in apprehending her, the hearing on the motions to revoke her community supervision could have been held prior to the expiration of the community supervision period.

We sustain the sole issue and reverse the order revoking Ballard's community supervision in each case and render an order denying each motion. Burch, 821 S.W.2d at 387–88. Both causes are remanded to the trial court for further proceedings consistent with this opinion. Peacock, 77 S.W.3d at 289.

GRAY, J., dissents.

TOM GRAY, Justice, dissenting.

What we do today is illogical. The effect of today's extension of Peacock is that due diligence is a defense even if the motion to revoke/adjudicate, the issuance of the capias, incarceration, and hearing all occur during the period of supervision. See Peacock v. State, 77 S.W.3d 285 (Tex. Crim.App.2002). Due diligence should only be an issue if the defendant is not incarcerated before the community supervision has expired. Ballard was incarcerated before her community supervision expired. I respectfully dissent.