In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00074-CV


______________________________




THE CIT GROUP/EQUIPMENT FINANCING, INC., Appellant



V.



TED DAVIS, d/b/a TED DAVIS TIMBER COMPANY, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 99-C-1376-202




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 The CIT Group/Equipment Financing, Inc., appellant, and Ted Davis, d/b/a Ted
Davis Timber Company, appellee, have filed a joint motion asking this Court to dismiss this
appeal with prejudice. Pursuant to Tex. R. App. P. 42.1, their motion is granted. In
accordance with their agreement, each party shall pay its own costs.

 The appeal is dismissed.


 Donald R. Ross

 Justice


Date Submitted: November 6, 2002

Date Decided: November 7, 2002


Do Not Publish



tate.final/sotseal3.gif" alt="sotseal3.gif" width="140" height="138" border="0">









In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00091-CR
______________________________


JAMES H. SMITH, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2000-0176


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          James H. Smith, Jr., appeals the trial court's decision to revoke his community
supervision and sentence him to 180 days' confinement in jail for the misdemeanor offense
of criminal trespass. In his sole point of error, Smith contends the State failed to use due
diligence in executing the arrest warrant associated with the motion to revoke Smith's
community supervision. We agree.
I. Background
          Smith pled guilty December 11, 1999, to the offense of criminal trespass. Pursuant
to a plea agreement, the trial court sentenced Smith to 180 days' confinement in jail and
a fine of $125.00. The trial court, however, probated the jail portion of Smith's sentence
for a period of twelve months and placed Smith on community supervision. 
          On July 17, 2000, the State filed a motion to revoke Smith's community supervision. 
The trial court issued a warrant for Smith's arrest the following day. Thirty-two months
later, on March 17, 2003, police arrested Smith in Marshall, Texas. 
          On April 3, 2003, Smith asked the trial court to dismiss the motion to revoke. He
alleged the State failed to use due diligence in executing the revocation warrant. The trial
court simultaneously held a hearing April 16, 2003, on Smith's request for dismissal and
the State's motion to revoke. Smith pled "not true" to violating the terms and conditions of
his community supervision. At the conclusion of the hearing, the trial court orally
announced Smith had presented an important issue on due diligence that "is going to be
more properly addressed by our appellate court." Then the trial court (impliedly) overruled
Smith's dismissal request, found the allegations contained in the State's motion to be true,
revoked Smith's community supervision, and sentenced him to the full term of confinement. 
The trial court ordered Smith's sentence in the case to run concurrently with his sentence
in Harrison County cause number 2000-0177.



II. Standard of Review for Claims of Due Diligence
          The issue of the lack of due diligence is a defense that the defendant must raise
before or during the revocation hearing. Peacock v. State, 77 S.W.3d 285, 287-88 (Tex.
Crim. App. 2002); Brecheisen v. State, 4 S.W.3d 761, 763 (Tex. Crim. App. 1999). Due
diligence is not an affirmative defense, meaning that, once the defendant raises the due
diligence issue, the state incurs the burden of persuasion to show, by only a
preponderance of the evidence, it used due diligence in executing the warrant and in
holding a hearing on the motion to revoke. Peacock, 77 S.W.3d at 288; Brecheisen,
4 S.W.3d at 763. Nor is a claim the state failed to use due diligence a jurisdictional bar;
instead, the doctrine of due diligence finds its origin in principles of equity, calling for relief
based on the justice system's sense of fair play and reasonableness. See Ballard v. State,
86 S.W.3d 754, 756 (Tex. App.‒Waco 2002, pet. granted).
III. Analysis
          At the revocation hearing, Smith's community supervision officer, Bob Lane, testified
Smith failed to report after the initial April 2000 meeting following the trial court's decision
to place Smith on community supervision. Lane also said Smith failed to complete any
community service or pay his scheduled fees. When Smith failed to report to Lane's office
in May and June, Lane mailed Smith a letter at the address Smith had given Lane during
their initial meeting. Lane received no response to the letter and asked the prosecutor to
file a motion to revoke, which was done July 17, 2000. 
          After the motion to revoke was filed and a warrant for Smith's arrest issued, Lane
delivered the warrant to the Harrison County Sheriff's Department. The warrant listed
Smith's address. Lane took no action in executing the warrant, but he did mail another
letter to Smith in May 2001 advising him of the amount still owed on his community
supervision fees and the expected expiration date of the case. 
          Smith testified he has lived at the same address all his life. According to Smith, he
was living at the same address between April 2000 and the date of his arrest in March
2003. Smith also told the trial court he had made no attempts to move, hide, or avoid
being located. And, according to Smith, it was not until he went to renew his commercial
driver's license that he was arrested. Smith did, however, concede that he had violated
each of the conditions of his community supervision as alleged by the State and that he
had no justification for failing to abide by those conditions of community supervision. 
          When the state makes no effort, or makes only a minimal attempt, to locate and
arrest a person on community supervision for whom the trial court has issued a warrant
based on the state's motion to revoke, our courts have usually found a lack of due
diligence. Beaty v. State, 49 S.W.3d 606, 607 (Tex. App.‒Beaumont 2001, pet. ref'd). In
contrast, courts have held that out-of-state incarceration of a person on community
supervision or his or her failure to report a change of address, may serve to defeat a claim
the state failed to exercise due diligence in taking custody of a person alleged to be in
violation of community supervision. Strickland v. State, 523 S.W.2d 250, 251 (Tex. Crim.
App. 1975) (failure to report address change); Hubbert v. State, 91 S.W.3d 457, 460 (Tex.
App.‒Texarkana 2002, pet. ref'd) (failure to report address change; out-of-state
incarceration); Beaty, 49 S.W.3d at 607 (person on community supervision had "taken
off").
          In the case before us, Smith's unrebutted testimony was that he had maintained the
same address from the time prior to his being placed on community supervision until the
day of the revocation hearing. Lane testified he mailed only two letters to Smith's address
and had personally delivered the warrant to the Harrison County Sheriff's Office for
processing. Lane did not, however, indicate he had made any telephone calls to Smith at
his home, nor did Lane testify he had made any efforts to follow up with the sheriff's office
regarding whether law enforcement had attempted to arrest Smith. Similarly absent is any
testimony from a certified peace officer regarding efforts to execute the warrant. Such
evidence would at least show more effort at exercising due diligence than merely sending
two letters to Smith's last known address within a period of thirty-two months. 
          Contrary to the State's contention, if law enforcement is responsible for not making
more than a minimal effort to execute the warrant, it is the State of Texas that will lose on
a due diligence challenge. It is not enough for the community supervision officer to bring
the alleged violations to the prosecutor's attention. Nor is it sufficient for the prosecutor to
merely file a motion to revoke. It requires the efforts of all three groups‒the community
supervision department, the prosecutor's office, and law enforcement officials‒working
together in exercising due diligence in apprehending persons alleged to be in violation of
their community supervision. No such showing was made before the trial court in this
case. In short, the State failed to present evidence to establish by a preponderance it had
exercised due diligence in this case. Therefore, we find the trial court should have
dismissed the motion to revoke.
 

          For the reasons stated, we reverse the trial court's judgment and remand with
directions to the trial court to dismiss the State's motion to revoke. 



                                                                           Donald R. Ross
                                                                           Justice



Date Submitted:      November 6, 2003
Date Decided:         November 7, 2003

Publish