NOS. 12-02-00315-CR


 12-02-00316-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CECIL RAY MADLOCK,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Cecil Ray Madlock ("Appellant") appeals the denial of his motion to dismiss for want of
prosecution and the revocation of his deferred adjudication probation in two cases, following which
he was sentenced to imprisonment for life. Appellant raises one issue on appeal in each cause. We
dismiss for want of jurisdiction.


Background

 In 1990, Appellant was indicted in separate causes on two counts of burglary of a habitation
and one count of robbery. The three cases were later consolidated. Pursuant to a plea bargain,
Appellant pleaded guilty to each of the charges. In the robbery cases, the trial court sentenced
Appellant to imprisonment for ten years and ordered that Appellant return to court after sixty days
to be placed on probation. As to the two counts of burglary, the court deferred finding Appellant
guilty and placed him on probation for ten years. Subsequently, Appellant returned to court and was
placed on probation with regard to his robbery conviction. 

 Subsequently, the State filed a motion to revoke Appellant's probation in each cause and to
proceed to adjudication as to the burglary cases, alleging in each instance that Appellant had violated
certain terms of his probation. On October 2, 1992, a hearing was held on the State's motion to
revoke Appellant's probation related to the robbery conviction, and the trial court found that
Appellant had violated certain terms of his probation as alleged. The trial court revoked Appellant's
probation and assessed Appellant's punishment at imprisonment for seventeen years. The State did
not pursue its motion to revoke and proceed to final adjudication related to the two burglary cases
at this time. 

 In 1997, Appellant was paroled. The record reflects that on November 16, 1997, Appellant
was on the premises of a local night club when a fight erupted. During the course of the fight, the
club's manager, Aaron Anderson, was assaulted by several persons, one of whom he identified as
Appellant.

 On March 9, 1998, the State filed its first amended motion to proceed to final adjudication
in each of the two burglary cases, alleging that Appellant violated certain terms and conditions of
his probation. Specifically, the State alleged (1) that Appellant committed the offense of aggravated
assault on Aaron Anderson on November 16, 1997, (2) that Appellant failed to report to his
probation officer as ordered, for the months of November and December 1997, and January 1998,
and (3) that Appellant was on the premises of a lounge, bar or tavern. Subsequently, the trial court
conducted a hearing on the State's motion. (1) Appellant pleaded true to the allegations that he failed
to report and that he was on the premises of a lounge, bar or tavern. The trial court, finding the
allegations in the State's motion to be true, revoked Appellant's probation, adjudicated him guilty
as charged, and sentenced Appellant to imprisonment for life.

 

Appeal of Revocation of Deferred Adjudicated Probation

 In his sole issue, Appellant argues that the State failed to demonstrate that it had exercised
due diligence with regard its motion to proceed to final adjudication. Texas Code of Criminal
Procedure Article 42.12, section 5(b) governs the situation at issue. Article 42.12, section 5(b) states
as follows:


 On violation of a condition of community supervision imposed under Subsection (a) of this section, the
defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to
a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the
original charge. No appeal may be taken from this determination. 


Tex. Code. Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2003) (emphasis added). 

 In Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the court of criminal appeals
reiterated a long line of cases dealing with situations similar to the instant case. See Connolly, 983
S.W.2d at 740-41 (citing Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992)
(explaining that court of criminal appeals had "held from the beginning of deferred adjudication
practice that the Legislature [had] meant what it said in Article 42.12 § 5(b)"); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of trial court's decision to revoke probation and
adjudicate, even if the appellant's right to counsel had been violated, the appellant could not use
direct appeal as the vehicle with which to seek redress); Wright v. State, 592 S.W.2d 604, 606 (Tex.
Crim. App. 1980) (under the terms of the statute, no appeal may be taken from the hearing in which
the trial court determines to proceed with an adjudication of guilt on the original charge); Williams
v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (trial court's decision to proceed with an
adjudication of guilt is one of absolute discretion and is not reviewable)). The court continued:


 In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b),
an appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).


Connolly, 983 S.W.2d at 741. Ultimately, the court held that article 42.12, section 5(b) prohibited
the appellant from raising a claim of error related to the sufficiency of the evidence to prove due
diligence and that the court of appeals should have dismissed the appellant's issues concerning due
diligence without reaching their merits. Id. 

 The holding in Connolly notwithstanding, Appellant argues that Peacock v. State, 77 S.W.3d
285 (Tex. Crim. App. 2002) and Ballard v. State, 86 S.W.3d 754 (Tex. App.-Waco 2002, no pet.)
support his contention that the State did not demonstrate that it exercised due diligence. However,
in Peacock and Ballard neither court considered the issue of due diligence with regard to a trial
court's decision to proceed to final adjudication pursuant to article 42.12, section 5(b). (2) Therefore,
even assuming arguendo that Appellant's motion to dismiss for want of prosecution properly brought
the issue of due diligence to the trial court's attention, the facts of each of these cases are
distinguishable from the facts of Connolly and those presently before us. 

 In our view, given the factual similarities between Connolly, its progeny and the case at hand,
the holdings in Connolly and the cases cited therein control the instant case as it relates to the trial
court's decision to proceed to adjudication. Given the plain meaning of article 42.12, section 5(b)
and the long line of authority from the court of criminal appeals on the issue, we hold that Appellant
cannot raise this issue, which arises out of the trial court's decision to proceed with the adjudication
of guilt. Appellant's sole issue in each cause is overruled.


Conclusion

 Since we have determined that Appellant's sole issue in each cause relates to the trial court's
decision to proceed to adjudication, we dismiss this appeal for want of jurisdiction.



 DIANE DEVASTO 

 Justice



Opinion delivered August 27, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(DO NOT PUBLISH)
1. The record reflects that prior to the hearing, Appellant filed three motions for continuance and a motion to
dismiss for want of prosecution based on Appellant's contention that the State should have proceeded to adjudication
in 1992 and could not do so after such a long lapse. The trial court granted Appellant two continuances, but denied
Appellant's motion for a third. After a brief hearing, the trial court also denied Appellant's motion to dismiss for
want of prosecution and proceeded to conduct a hearing as to the State's motion to proceed to final adjudication.
2. In both Peacock and Ballard, the trial court did not defer a finding of guilt prior to placing the respective
appellants on probation. See Peacock, 77 S.W.3d at 286; Ballard, 86 S.W.3d at 756.