Ronnie Douglas HUBBERT, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00214–CR.

Court of Appeals of Texas,
Texarkana.

Submitted May 23, 2002.

Decided Dec. 3, 2002.

Ebb B. Mobley, Attorney At Law, Longview, for appellant.

William M. Jennings, Gregg County District Attorney, Longview, for appellee.

Before GRANT, ROSS, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS.

Ronnie Douglas Hubbert appeals the revocation of his community supervision. On August 5, 1997, Hubbert pleaded guilty, as part of a plea bargaining agreement, to possession of marihuana in an amount of more than five pounds, but less than fifty pounds. The trial court sentenced him to ten years' imprisonment, but suspended the imposition of his sentence and placed him on four years' community supervision.

On November 3, 1998, the State filed a motion to revoke Hubbert's community supervision, alleging Hubbert committed five violations of its terms. The trial court signed an order for Hubbert's arrest on the same day and issued a capias on November 6, 1998. Hubbert was arrested on the warrant on August 14, 2001.

The trial court held a hearing on the motion to revoke on October 26, 2001, over two months after the period of Hubbert's supervision expired. Hubbert moved to suppress evidence and moved to have the trial court dismiss the State's revocation motion on the ground that the State failed to use due diligence in arresting him after the trial court issued the capias. The trial court overruled his motions.

Hubbert pleaded not true to the allegations in the State's motion to revoke. The trial court found the allegations true, revoked Hubbert's community supervision, and sentenced him to five years' imprisonment.

On appeal, Hubbert alleges the trial court erred in overruling only his second motion, i.e., the one that alleged the State failed to act with due diligence in arresting him. A trial court may hear a motion to revoke community supervision even after the period of community supervision has expired. *Peacock v. State*, 77 S.W.3d 285, 287 (Tex.Crim.App.2002). To hold otherwise would reward an absconder who is able to elude capture until the expiration of his or her supervision period. However, in order for the trial court's

* William J. Cornelius, Chief Justice, Retired,   Sitting by Assignment

jurisdiction to extend beyond the expiration of the defendant's community supervision, two things must occur: (1) a motion to revoke community supervision must be filed; and (2) a capias must be issued. *Id.*

■ The issue of the lack of due diligence is a plea in bar or defense that the defendant must raise before or during the revocation hearing. *Id.* at 287–88; *Brecheisen v. State*, 4 S.W.3d 761, 763 (Tex. Crim.App.1999). This defense is not an affirmative defense, meaning that, once the defendant raises the due diligence issue, the State incurs the burden of persuasion to show, by a preponderance of the evidence, that it used due diligence in executing the capias and in holding a hearing on the motion to revoke. *Peacock v. State*, 77 S.W.3d at 288; *Brecheisen v. State*, 4 S.W.3d at 763.

■ We first address an issue that was not raised by either party, but that affects the scope of our review, i.e., whether our review must encompass only the evidence before the trial court at the time it made its ruling, or whether we may also consider evidence that was adduced later. At the hearing, Hubbert first presented evidence on his motion to dismiss the State's revocation motion. On direct examination, Hubbert gave an affirmative response when asked if he was "accessible to receive mail or to receive telephone calls from the district attorney's office or the probation department of Gregg County...." On cross-examination, the State established that Hubbert was in jail in Louisiana and then in Upshur County sometime after the State filed its revocation motion. The trial court then overruled Hubbert's motion.

The trial court proceeded to hear evidence on the State's revocation motion. At that time, the State elicited further testimony regarding Hubbert's whereabouts after it filed its revocation motion. Gary Davis, the supervisor of the felony section in the Gregg County community supervision department, testified Hubbert's supervision was transferred to Dallas County in April 1998. In August 1998, the community supervision office in Dallas County sent a letter to the Gregg County office listing Hubbert as an absconder. Davis testified the community supervision office in Dallas County attempted to contact Hubbert by letter and by telephone, but was unable to reach him. Hubbert testified he left Dallas County without informing the community supervision office there or in Gregg County of his new address. He testified he was arrested in Louisiana in September 1998, and was in jail there and then in Upshur County until his arrest on the Gregg County warrant.

■ In the context of suppression motions, the general rule is that on appellate review we must examine the record as it existed at the time of the suppression hearing. *O'Hara v. State*, 27 S.W.3d 548, 551 (Tex.Crim.App.2000); *Hoyos v. State*, 982 S.W.2d 419, 422 (Tex.Crim.App.1998); *Vargas v. State*, 838 S.W.2d 552, 556–57 (Tex.Crim.App.1992); *but see McDole v. State*, 579 S.W.2d 7, 8 (Tex.Crim.App. [Panel Op.] 1979) (considering the evidence offered at both the suppression hearing and at trial); *Hicks v. State*, 545 S.W.2d 805, 808 (Tex.Crim.App.1977). However, several Texas Court of Criminal Appeals cases have held that this general rule is inapplicable where the parties have consensually relitigated the issue at trial, i.e., where the State raises the issue at trial either without objection or with subsequent participation in the inquiry by the defense. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex.Crim.App.1996); *Webb v. State*, 760 S.W.2d 263, 266 n. 13 (Tex.Crim.App. 1988); *Hardesty v. State*, 667 S.W.2d 130, 133 n. 6 (Tex.Crim.App.1984).

Though the trial court here was faced with a motion to dismiss rather than a motion to suppress, we believe the situation is sufficiently analogous to warrant the same rule. That is, we may consider only the evidence before the trial court at the time of the hearing, unless the parties consensually relitigated the issue.

From the record, we conclude that, although the State may have failed to meet its burden of showing initially that it acted with due diligence in arresting Hubbert, the evidence adduced later at the hearing sufficiently supports the trial court's finding that the State used reasonable diligence, and that the parties consensually litigated the issue of diligence. Hubbert's motion to dismiss and the State's motion to revoke were heard by the trial court at one hearing. The motions were heard together with the consent of Hubbert, and evidence on both issues of diligence and the merits of revocation was presented at various points during the joint hearing. After evidence had been presented on the issue of diligence, defense counsel stated to the court, "Your honor, for a point of inquiry on this. Is the court at this time still allowed to either 'A', reinstate this defendant on probation, 'B', modify the conditions of probation, dismiss, or send him to prison?" The trial court answered, "I think all those options are in front of me." Defense counsel then stated, "That's my understanding. All those options are in front of this court." Moments later, the court said, "The State can make whatever recommendation they're going to make, but all those options are available to the Court." After an off-the-record discussion, defense counsel then stated, "We're ready, Your Honor," and both sides continued with the evidence. During the remainder of the hearing, evidence was presented on both the State's diligence in serving a capias on Hubbert and Hubbert's violation of the terms of his community

supervision. After this evidence was presented, defense counsel stated to the court, "Your Honor, we still reurge our motion to dismiss and motion to quash on the basis of testimony being hearsay to this officer."

Based on this consensual litigation of the diligence and revocation issues together in the same hearing, we conclude that we should consider all of the evidence presented at the hearing on both issues, and we find the evidence sufficient to support both of the trial court's rulings. We paraphrase the language of the Texas Court of Criminal Appeals in the case of *Webb v. State*, 760 S.W.2d at 272 n. 13: To hold that appellate review is always limited to facts adduced at a pretrial hearing could place the appellate court in the untenable position of having to reverse a conviction in the face of a record that supports, albeit belatedly, the trial court's ruling.

For the reasons stated, we affirm the trial court's judgment.