11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Daniel
Joseph Doshier

Appellant

Vs.                   No. 11-03-00417-CR B
Appeal from Ector County

State
of Texas

Appellee

 

This is an appeal from a judgment adjudicating
guilt.  We affirm.

                                                            Procedural
Background

Daniel Joseph Doshier
originally entered a plea of guilty to the offense of possession of a
prohibited weapon.  On April 11, 1997,
the trial court deferred the adjudication of appellant=s
guilt, placed him on community supervision for 5 years, and assessed a $500
fine.  On October 11, 1999, the trial
court ordered that appellant=s
community supervision be extended for one additional year.  On February 16, 2000, the State filed a
motion to adjudicate guilt, and a capias was issued
the same day.  Appellant was arrested on
October 26, 2003, six months after his supervisory period ended. 

At the December 3, 2003, hearing on the motion to
adjudicate, appellant entered pleas of true to the State=s
allegations.[1]  Appellant=s
sole contention at the hearing was that the State failed to exercise due
diligence in securing his arrest before the term of his community supervision
expired on April 11, 2003.  The trial
court found that the State had established by a preponderance of the evidence
that it had exercised due diligence and found that appellant had violated the
terms and conditions of his community supervision.  The trial court revoked appellant=s community supervision, adjudicated
his guilt, and sentenced him to confinement for two years.

                                                              Argument
on Appeal








In his sole issue on appeal, appellant contends
that the trial court erred in assuming jurisdiction because the State did not
exercise due diligence in securing his arrest prior to the expiration of his
community supervision.  To support his
arguments, appellant relies on the following cases:  Peacock v. State, 77 S.W.3d 285
(Tex.Cr.App.2002); Brecheisen v. State,
4 S.W.3d 761 (Tex.Cr.App.1999); Harris v. State, 843 S.W.2d 34
(Tex.Cr.App.1992), overruled in part by Bawcom
v. State, 78 S.W.3d 360 (Tex.Cr.App.2002); Rodriguez v. State, 804
S.W.2d 516 (Tex.Cr.App.1991); Nguyen v. State, 109 S.W.3d 820 (Tex.App. - Corpus Christi 2003, pet=n
ref=d); Gutierrez v. State, 46
S.W.3d 394 (Tex.App. - Corpus Christi 2001), aff=d,
85 S.W.3d 817 (Tex.Cr.App.2002). 
However, we note that each of these cases addresses revocations from Aregular@
community supervision B
that is suspension of the imposition of a sentence after the defendant has been
convicted.  The present case is factually
distinguishable.  The trial court
originally deferred the adjudication of appellant=s
guilt, and he was placed on Adeferred
adjudication@
community supervision.

                                                     Due
Diligence is not Jurisidictional

A trial court may hear a motion to revoke
community supervision after the expiration of the supervision provided that the
motion to revoke and the capias issued prior to the
expiration of supervision.  Ex parte Donaldson, 86 S.W.3d 231, 232 (Tex.Cr.App.2002); Gutierrez
v. State, 85 S.W.3d at 817; Peacock v. State, supra at 287; Brecheisen v. State, supra at 763; Nguyen
v. State, supra at 822; Hubbert v.
State, 91 S.W.3d 457, 458-59 (Tex.App. -Texarkana
2002, pet=n ref=d); Beaty
v. State, 49 S.W.3d 606, 607 (Tex.App. - Beaumont
2001, pet=n ref=d). 
Due diligence on the part of the State is not a jurisdictional
requirement.  Brecheisen
v. State, supra;  Smith v. State,
120 S.W.3d 910, 912 (Tex.App. - Texarkana 2003, no
pet=n); Nguyen v. State, supra at
822; Beaty v. State, supra at 607. 

                                                         The
Issue Before this Court

Appeals from the determination to adjudicate guilt
are limited.  Therefore, the issue before
this court is whether appellant can raise lack of due diligence as a bar.  








TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 5(b) (Vernon Pamph.
Supp. 2004 - 2005) precludes an appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Phynes v. State, 828 S.W.2d 1
(Tex.Cr.App.1992); Olowosuko v. State,
826 S.W.2d 940 (Tex.Cr.App.1992).  In Connolly
v. State, 983 S.W.2d 738, 741 (Tex.Cr.App.1999), the Court of Criminal
Appeals held that a defendant is prohibited from raising lack of due diligence
in the direct appeal from a judgment adjudicating guilt.  Therefore, this court cannot entertain
appellant=s
argument on appeal, and the issue is dismissed.

                                                             This
Court=s
Judgment

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

October 14, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











[1]The State waived its Allegation No. 1, and appellant
entered pleas of true to Allegation Nos. 2-5.